**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TRUSTEES OF THE WELFARE, PENSION AND ANNUITY FUNDS OF LOCAL NO. ONE, I.A.T.S.E.,

                Plaintiffs,

-against-

NBCUNIVERSAL MEDIA, LLC,

                Defendant.

**COMPLAINT**

**Case No.**

Plaintiffs, the Trustees of the Welfare, Pension and Annuity Funds of Local No. One, I.A.T.S.E. (the "Funds"), by their attorneys Spivak Lipton LLP, bring this action to collect delinquent employee benefit plan contributions owed by Defendant NBCUniversal Media, LLC ("NBC" or the "Employer"). Complaining of Defendant, Plaintiffs respectfully allege as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over the instant action pursuant to Sections 502(a)(3), 502(e)(1), and 502(f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), and 1132(f).

2. Venue is proper in the Southern District of New York pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

**PARTIES**

3. At all relevant times, Plaintiffs have administered and now administer the Funds.

4. The Funds were each established by separate Agreements and Declarations of Trust (the "Trust Agreements"), which have been amended from time to time.

5. The Funds are "employee benefit plans" established under Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1). The Funds are administered at 320 West 46th Street, New York, New York 10036.

6. Upon information and belief, at all times relevant hereto, Defendant NBC was and is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 30 Rockefeller Plaza, New York, New York, 10112. At all times relevant hereto, Defendant NBC was engaged in the business of producing programming for television and other mediums, and was and is, upon information and belief, an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12) and 1003(a)(1).

## FACTS

7. At all relevant times, Theatrical Protective Union Local No. One, International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada, AFL-CIO, CLC ("Local One") was the exclusive collective-bargaining representative of certain employees of Defendant NBC.

8. At all relevant times, Local One and Defendant NBC were parties to a series of collective bargaining agreements covering employees represented by Local One and employed by Defendant NBC.

9. Specifically, Defendant NBC and Local One were parties to a collective bargaining agreement ("CBA") covering employees represented by Local One and employed by Defendant NBC with a term of April 1, 2013 through March 31, 2016 (the "2013-2016 CBA"). The 2013-

2016 CBA required Defendant NBC to make pension, welfare, and annuity contributions to the Funds.

10.     Defendant NBC and Local One are currently parties to a CBA covering employees represented by Local One and employed by Defendant NBC with a term of April 1, 2016 through March 31, 2020 (the "2016-2020 CBA").  The 2016-2020 CBA requires Defendant NBC to make pension, welfare, and annuity contributions to the Funds.

**The Audits**

11.     Plaintiffs have adopted policies and procedures governing the collection of contributions owed to the Funds and audits of contributing employers (the "Contributions Procedures"), which have been amended from time to time.

12.     The Funds' Trust Agreements and Contributions Procedures authorize the Funds to conduct audits of the books and records of a contributing employer to confirm that all contributions required under the employer's CBA and applicable laws have been reported and made.

13.     By correspondence dated April 27, 2017, the Funds' auditors began communicating with Defendant NBC to initiate an audit of its contributions to the Funds for the period January 1, 2011 through December 31, 2015.

14.     By correspondence dated June 20, 2017, the Funds' auditors began communicating with Defendant NBC to initiate an audit of its contributions to the Funds for the period January 1, 2016 through December 31, 2016.

15.     After completing the aforementioned audits, the Funds' auditors provided Defendant NBC with reports of their findings of contributions owed to the Funds for the 2013, 2014, 2015, and 2016 calendar years.  Defendant NBC has made partial payments to the Funds based on the Funds' auditors' reports.

16.     For the period January 1, 2013 through December 31, 2013, the audit determined $57,204.33 in principal, plus interest, to be owed to the Funds by Defendant NBC.  Defendant NBC has made partial payments to the Funds of the amount owed for 2013.  Currently, Defendant NBC owes the Funds $2,513.92 in principal, plus interest based on the audit of calendar year 2013.

17.     For the period January 1, 2014 through December 31, 2014, the audit determined $39,727.70 in principal, plus interest, to be owed to the Funds by Defendant NBC.  Defendant NBC has made a partial payment to the Funds of the amount owed for 2014.  Currently, Defendant NBC owes the Funds $4,603.44 in principal, plus interest based on the audit of calendar year 2014.

18.     For the period January 1, 2015 through December 31, 2015, the audit determined $85,146.54 in principal, plus interest, to be owed to the Funds by Defendant NBC.  To date, Defendant NBC has made no payment to the Funds of the amount owed based on the audit of calendar year 2015.

19.     For the period January 1, 2016 through December 31, 2016, the audit determined $148,267.54 in principal, plus interest, to be owed to the Funds by Defendant NBC.  To date, Defendant NBC has made no payment to the Funds of the amount owed based on the audit of calendar year 2016.

20.     As a result of the foregoing, Defendant NBC's delinquent contributions to the Funds for the period January 1, 2013 through December 31, 2016 total $240,531.44, plus interest through the present date.

21.     The Funds have incurred auditors' fees for the above-referenced audits of Defendant NBC, and anticipate continuing to incur additional auditors' fees for such audits until delinquencies for these periods are paid.

**Violations and Harm**

22. Defendant NBC's failure to make required payments violates the above-described CBAs, the Trust Agreements, the Contributions Procedures, and applicable provisions of ERISA. Plaintiffs seek enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii), 29 U.S.C. §1132(a)(3)(b)(ii).

23. As a result of the above-described omissions, breaches, and violations by Defendant NBC, Plaintiffs may be required either to: (a) deny plan benefits to plan participants employed by Defendant NBC for whom contributions have not been made, thereby causing to such participants substantial and irreparable harm, or (b) provide plan benefits to participants employed by Defendant NBC, notwithstanding Defendant NBC's failure to make the required contributions, thereby reducing the corpus of such Funds and endangering the rights of other plan participants on whose behalf full contributions have been made, all to their substantial and irreparable injury.

24. Plaintiffs, in their behalf, and on behalf of all plan participants (i.e. industry employees) for whose benefit the Funds were established, have requested Defendant NBC perform its obligations, but Defendant NBC has failed to perform as herein alleged.

25. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant NBC is ordered to specifically perform all its obligations required under the above-described CBAs, the Trust Agreements, and ERISA, and are restrained from continuing to fail to perform as thereunder required.

## CAUSE OF ACTION

26. Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 25 inclusive.

27. Defendant NBC is liable to Plaintiffs under Section 515 of ERISA, 29 U.S.C. § 1145 for delinquent benefits contributions regarding its employees and related sums in the following amounts:

(a) $240,531.44 in unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b) interest on all unpaid contributions through the date of the judgment pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c) auditors' fees incurred by the Funds;

(d) liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);

(e) attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D);

(f) costs of this action pursuant to 29 U.S.C. § 1132(g)(2)(D);

(g) all additional attorneys' fees and costs incurred in the enforcement and collection of a judgment in this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request a judgment against Defendant:

(a) for unpaid contributions to the Funds in the amount of $240,531.44, along with any additional unpaid contributions as of the date of judgment, pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b) for interest on said unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c) for auditors' fees incurred by the Funds;

(d) for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

(e) for costs, including reasonable attorneys' fees, incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g)(2)(D), and incurred in the enforcement and collection of a judgment in this action;

(f) that Defendant be specifically ordered to pay to Plaintiffs the required contributions due and owing as of the present date, as well as all contributions that may be due and owing as of the date of entry of judgment, together with applicable interest, liquidated damages, costs, and fees; and

(g) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 27, 2019

Respectfully submitted,

/s/
Nicholas J. Johnson
SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, NY 10019
Ph: 212- 765-2100
Fax: 212-765-8954
njohnson@spivaklipton.com

*Attorneys for Plaintiffs Trustees of the Welfare, Pension and Annuity Funds of Local No. One, I.A.T.S.E.*