# PUTNEY, TWOMBLY, HALL & HIRSON LLP

DANIEL F. MURPHY, JR.
THOMAS A. MARTIN
WILLIAM M. POLLAK
JAMES E. McGRATH, III
CHRISTOPHER M. HOULIHAN
MARY ELLEN DONNELLY
GEOFFREY H. WARD
E. PARKER NEAVE
MARK A. HERNANDEZ
PHILIP H. KALBAN
JEROME P. COLEMAN
BARBARA M. MAISTO
CARYN B. KEPPLER
MICHAEL D. YIM
MARIANNE CALABRESE

ESTABLISHED 1866
COUNSELORS AT LAW
521 FIFTH AVENUE
NEW YORK, NEW YORK 10175
(212) 682-0020
TELEFAX: (212) 682-9380
PUTNEYLAW.COM

328 NEWMAN SPRINGS ROAD
RED BANK, NEW JERSEY 07701
(732) 379-6020
TELEFAX: (732) 345-9444

1225 FRANKLIN AVENUE, SUITE 200
GARDEN CITY, NY 11530
(516) 746-0070
TELEFAX: (516) 746-0599

2000 GLADES ROAD
SUITE 300
BOCA RATON, FLORIDA 33431
(800) 935-8480
TELEFAX: (561) 613-4100

COUNSEL
CHARLES J. GROPPE
THOMAS M. LAMBERTI
HARVEY I. SCHNEIDER
ANDREA HYDE

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/03/2019

December 3, 2019

**Via ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 240
New York, New York  10007

Re:  **Trustees of the Welfare, Pension and Annuity Funds of Local No. One, I.A.T.S.E. v. NBCUniversal Media, LLC**
Civil Case No.:  1:19-cv-02748 (VEC)

Dear Judge Caproni:

This firm represents Defendant and Counter-Claimant, NBCUniversal Media, LLC ("NBCUniversal") in the above-referenced matter.  We write to request that this action be referred to mediation before a Magistrate Judge.

Local Rule 83.9(e)(3) authorizes the Court to refer any civil action to mediation at any time.  Specifically, it provides that "the assigned District Judge may determine that a case is appropriate for mediation and may order that case to mediation, with or without the consent of the parties, before, at, or after the initial Rule 16(b) case management conference."

A court-ordered mediation will likely be successful in this matter.  The parties have attempted to resolve their disputes informally since the filing of the lawsuit, and have made significant progress, but have been unable to resolve their remaining issues, and would benefit from the assistance of a neutral third party.

Hon. Valerie E. Caproni
December 3, 2019
Page 2

By way of background, this actions was brought by Plaintiff Trustees of the Welfare, Pension and Annuity Funds of Local No. One, I.A.T.S.E. (the "Funds") to recover delinquent employee benefit plan contributions identified by the Funds' auditor as allegedly owed to the Funds for the years 2013 to 2016. Despite the fact that the auditor's calculations had not been verified, and the audits had not yet been resolved, and NBCUniversal had at all times represented that it would pay any contributions owed with interest, the Trustees precipitously filed this action on behalf of the Funds. Among the items that were still in dispute when the action was filed was whether NBCUniversal could offset any additional contributions owed with amounts that it had overpaid in 2015 and 2016. After the Trustees filed this lawsuit, seeking payment of all contributions owed, with interest on the delinquent contributions, double interest, attorneys' fees, and auditor's fees, NBCUniversal asserted counterclaims for the return and/or offset of overpayments made to the Funds.

After engaging in informal discovery, and providing information to the Funds' auditor, the parties have now agreed upon the amount of additional contribution owed to the Funds. NBCUniversal thereafter promptly made payment of the additional contributions owed, with full interest. The Trustees only recently advised that that additional interest had accumulated since the auditor's findings, and NBCUniversal is in the process of verifying the additional interest and thereafter will issue payment for any additional interest owed. As a result, the Funds have already received (or is in the process of receiving) all unpaid contributions and interest on those contributions for the years at issue. The only remaining items in dispute, which the parties are presently unable to resolve on their own, concern equitable considerations of the amount of liquidated damages, attorney's fees and/or other remedies, if any, to which the Funds are entitled under 29 U.S.C. § 1132(g), and any offset or refund for overpayments made by NBCUniversal, under ERISA § 403(c)(2(A), 29 U.S.C. § 1103(c)(2)(A), and pursuant to federal common law, and Second Circuit authority in *Frank L. Ciminelli Const. Co. v. Buffalo Laborers Supplement Unemployment Ben. Fund*, 976 F.2d 834 (2d Cir. 1992), *Dumac Forestry Svs., Inc. v. Int'l Blvd. of Electrical Workers*, 814 F.2d 79 (2d Cir. 1987).

Accordingly, NBCUniversal respectfully requests that the Court refer this action to mediation before a Magistrate Judge. NBCUniversal further requests that this action be stayed until mediation is completed and/or that the discovery deadline be extended for two months.

Respectfully submitted,

/s/ DFM

Daniel F. Murphy, Jr.

cc:   All Counsel of Record (via ECF)

> Plaintiff is directed to submit a letter to the Court by **December 6, 2019** indicating whether it consents to a referral to the Court's mediation program.

SO ORDERED.

*[signature: Valerie Caproni]*   12/03/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE